IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| AMAZON, AMAZON.COM, | § | |
| AMAZON INC.,AMAZON FLEX, | § | CIVIL ACTION NO. 3:20-CV-01909-C |
| AMAZON KYDC, LLC, | § | |
| AMAZON.COM SERVICES, INC., | § | |
| AMAZON.COM SERVICES, LLC, | § | |
| ELITE AIR, LLC, and | § | |
| TRAVISANO CONSTRUCTION, | § | |
| LLC, | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT ELITE AIR, LLC'S ANSWER TO
PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel, comes Defendant Elite Air, LLC ("Defendant") and files this *Original Answer* to Plaintiff's Original Petition. Defendant denies each and every allegation therein except as may be hereinafter expressly admitted and further says:

**I. RULE 47 STATEMENT**

1.

Defendant admits that Plaintiff's Original Petition seeks monetary relief over $200,000 but no more than $1,000,000, which is within the jurisdictional limits of the Judicial District Court of Dallas County, Texas.

## II. <u>DISCOVERY CONTROL PLAN LEVEL</u>

2.

Defendant does not have knowledge or information necessary to form a belief as to Plaintiff's intent to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, but denies that such rules apply in Federal Court

## III. <u>PARTIES AND SERVICE</u>

3.

The allegations of paragraph 4 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein except to admit Michael Scott is made Plaintiff herein.

4.

The allegations of paragraph 5 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein except to admit that Amazon, Amazon.com, Amazon, Inc, Amazon Flex, and Amazon KYDC Flex (collectively "Amazon") are made Defendants herein.

5.

The allegations of paragraph 6 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein except to admit that Amazon.com.KYDC, LLC is made Defendant herein.

6.

The allegations of paragraph 7 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein except to admit that Amazon.com Services, Inc is made Defendant herein.

7.

The allegations of paragraph 8 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein except to admit that Amazon.com Services, LLC is made Defendant herein.

8.

The allegations of paragraph 9 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein except to admit that Elite Air, LLC is made Defendant herein.

9.

The allegations of paragraph 10 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein except to admit that Travisano Construction, LLC is made Defendant herein.

## IV. JURISDICTION AND VENUE

10.

Defendant admits that Plaintiff's Petition alleges the subject matter in controversy is within the jurisdictional limits of the Judicial District Court of Dallas County, Texas.

11.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in paragraph 12 of Plaintiff's Original Petition except to admit that Defendant Elite Air, LLC was doing business in Texas at the time of the incident.

12.

Defendant denies knowledge or information necessary to form a belief as to the

allegations contained in paragraph 13 of Plaintiff's Original Petition except to admit that the alleged events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## V. ACTS OF AGENTS

13.

Defendant admits that Plaintiff's Original Petition intended to include conduct of agents, employees, officers, trustees and/or other representatives in the alleged acts of the Defendants. The allegations of section V of Plaintiff's Original Petition, including all subparts, are otherwise denied. Where the allegations contained in Paragraph 14 are not directed at Defendant Elite Air, LLC, Defendant denies knowledge or information necessary to form a belief as to such allegations.

## VI. FACTS

14.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Original Petition except to admit that Plaintiff claims to have sustained injuries in connection with an HVAC installation at Amazon's Dallas Distribution Center.

15.

Defendant admits that Garland Heat & Air was retained for an HVAC installation at Amazon's Distribution Center. Otherwise, Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

16.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Original Petition.

17.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Original Petition.

18.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

19.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENCE

20.

Paragraph 21 of Plaintiff's Original Petition is vaguely asserted against all Defendants. However, to the extent that such allegations are intended to assert that Defendant Elite Air LLC was in some manner negligent, that it had a duty to make the premises safe, that it had control over the premises, that it had control over the fan, that it had control over Plaintiff's work, or that liability for the subject accident should in some manner be imposed upon Defendant, then Defendant denies such allegations.

21.

Defendant denies the allegations contained in paragraph 22 of the Petition.

22.

Defendant denies the allegations contained in paragraph 23 of the Petition.

23.

Defendant denies the allegations contained in paragraph 24 of the Petition.

## VIII. DAMAGES

24.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 25 and subsections of Plaintiff's Original Petition. Defendant specifically denies liability for any alleged damages of Plaintiff.

## IX. EXEMPLARY DAMAGES

25.

Defendant denies knowledge or information necessary to form a belief as to the allegations contained in Paragraph 26 Plaintiff's Original Petition. Defendant specifically denies liability for any alleged damages of Plaintiff.

## X. DISCOVERY

26.

Defendant denies that the Texas Rules of Civil Procedure, specifically Rule 194, applies to this matter as the matter is now in Federal Court.

## XI. PRAYER

27.

Defendant denies that any judgment should be rendered against it in this matter.

## XII. DEFENDANT'S AFFIRMATIVE DEFENSES

28.

Without admitting or acknowledging that Defendant bears the burden of proof as to any defense, Defendant asserts the following affirmative defenses:

Pleading further, and in the alternative if such is necessary, Plaintiff's claims should be dismissed, in whole or in part, because Defendant did not breach any legal duty owed to Plaintiff.

29.

Pleading further, and in the alternative if such is necessary, Plaintiff's alleged injuries and damages, if any, were caused by third parties that Defendant did not employ or control including but not limited to Plaintiff's employer Garland Heat & Air and Amazon.Com Services, LLC and/or the other named Amazon Defendants, and said negligence was a proximate cause or, in the alternative, was the sole proximate cause of Plaintiffs alleged damages.

30.

Pleading further and/or in the alternative if such is necessary, Plaintiff failed to exercise that degree of care which an ordinary, prudent person in the exercise of ordinary care would have exercised under the same or similar circumstances, and such failure was the sole proximate cause or, in the alternative, a proximate cause in whole or in part of Plaintiff's alleged injuries and damages, if any.

31.

Pleading further, and in the alternative if such is necessary, Defendant denies that any alleged act or omission of Defendant was a proximate cause of any alleged injury or damage, if any, to Plaintiff and further denies that it is liable under any theory of recovery.

32.

Pleading further, and in the alternative if such is necessary, Plaintiff's damages, with respect to recovery of medical or health care expenses, if any, are limited to the amount actually

paid, or incurred pursuant to §41.0105 of the Texas Civil Practice & Remedies Code.

33.

Pleading further, and in the alternative if such is necessary, Defendant asserts that any award of pre-judgment interest cannot include, as a matter of law, future damages, if any, awarded to Plaintiff in this matter. Defendant further asserts the amount of any pre-judgment and post-judgment interest awarded in this case against Defendant, if any, is limited as set forth in common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice & Remedies Code.

34.

Pleading further, and in the alternative if such is necessary, in the unlikely event that Defendant is found liable to Plaintiffs, which alleged liability Defendant expressly denies, Defendant is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and/or alleged causes of action.

35.

Pleading further, and in the alternative if such is necessary, any claim of alleged lost earnings, loss of earning capacity and/or pecuniary loss, if any, is limited to a net loss after reduction for federal income tax obligations. Further, this Court is required to instruct the jury regarding the application of federal income taxes to each of Plaintiff's claims for compensatory damages. *See* TEX. CIV. PRAC. & REM. CODE § 18.091.

36.

Pleading further, and in the alternative if such is necessary, Defendant asserts that the conduct of others, of all parties to this lawsuit, of any settling persons, and of responsible third parties should be compared by the court and jury and, in the unlikely event that Plaintiff obtains

an award of damages in this case, Defendant's liability, if any, for any such recovery should be limited to its respective percentage of proportionate responsibility in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

37.

Pleading further, and in the alternative if such is necessary, Defendant would show that Plaintiff's claims are barred, in whole or in part, by Chapter 95 of the Texas Civil Practice & Remedies Code, because Plaintiff was a contractor, subcontractor, or employee of a contractor or subcontractor, Plaintiff was performing construction, repairs, renovations, or modifications to an improvement to real property at the time of the Incident, Defendant did not exercise or retain control over the manner in which the work was performed, and Defendant did not have actual knowledge of the alleged danger or condition and/or did not fail to adequately warn of such danger or condition.

38.

Defendant intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this answer to assert any such defenses.

## XIII. REQUEST FOR JURY TRIAL

39.

Defendant hereby joins Plaintiff's request for a trial by jury pursuant to FED. R. CIV. P. 38(b).

## XIV. DEFENDANT'S PRAYER

40.

WHEREFORE, Defendant Elite Air, LLC respectfully prays that the above and foregoing answer be deemed sufficient, and that after due proceedings had, there be judgment herein in

favor of Elite Air, LLC and against Plaintiff, rejecting Plaintiff's demands at Plaintiff's sole cost, or alternatively, reducing any judgment in accordance with law, at Plaintiff's sole cost.

By: */s/ Maxwell S. Bayman*
**Maxwell S. Bayman**
State Bar of Texas No. 24088774
max@hermes-law.com

**HERMES LAW, P.C.**
Oilwell Supply Building
2001 North Lamar Street, Suite 450
Dallas, Texas 75202
Telephone: (214) 749-6822
Facsimile: (214) 749-6801

*Counsel for Defendant Elite Air, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of August, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court for the Northern District of Texas using the electronic case filing system of the Court. The undersigned further certifies that the following counsel and/or *pro se* parties of record were served with a true and correct copy of the foregoing document electronically or by any other manner authorized by Fed. R. Civ. P. 5(b)(2):

WM Randell Johnson
**Law Office of WM Randell Johnson**
P.O.Box 260080
Plano, TX 75206
Wrjlaw@aol.com

Stewart D. Matthews
**Stewart D. Matthews**
1905 W. Ennis Ave Suite 506
Ennis, TX 75119
attorney@accidentlawyer.legal

*Counsels for Plaintiff*

Mike H. Bassett
Robert L. McGee, Jr.
**The Bassett Firm**
Two Turtle Creek Village
3838 Oak Lawn Avenue, Ste. 1300
Dallas, Texas 75219
efile@thebassettfirm.com

*Counsels for Defendants Amazon*

Daniel A. Knott
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L. L.P**.
*8131 LBJ Freeway, Suite 700*
*Dallas, Texas 7525 1*
dknott@mssattornevs.com

*Counsel for Defendants*
*Travisano Construction, LLC*

                                             */s/ Maxwell Bayman*
                                             Maxwell Bayman